887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norma RILEY, wife of Guy G. Riley, deceased, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR; Island Creek Coal
Company, Respondents.
 No. 89-2335.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Oct. 4, 1989.
 
 Norma Riley, petitioner pro se.
 Michelle Seyman Gerdano, Michael John Denney (United States Department of Labor), for respondent Director, Office of Workers Compensation Programs.
 Douglas Allan Smoot (Jackson & Kelly), for respondent Island Creek Coal Co.
 Before DONALD RUSSELL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case we decide whether a Black Lung Benefits Act claimant's failure to timely file a petition for review and brief with the Benefits Review Board (Board) and the failure to provide an excuse for that omission are sufficient to sustain the Board's decision to deem the appeal abandoned. Under the facts of this case, we hold that they are insufficient.
 
 
 2
 An administrative law judge (ALJ) denied Guy G. Riley's claim for black lung benefits, and Riley timely appealed to the Board. On January 11, 1988, the Board notified Riley that he should file a letter stating the specific reasons why he disagreed with the ALJ's decision and order, or retain an attorney to file a petition for review and brief. Riley died on April 4, 1988.
 
 
 3
 On July 20, 1988, the employer, Island Creek Coal Company (Island Creek), moved to dismiss the appeal because Riley had failed to file a timely petition for review and brief. On September 23, 1988, the Board ordered Riley to explain within ten days why he disagreed with the ALJ's decision and order, and provide the reasons for the failure to file the required statement, or the case would be dismissed as abandoned. In a letter dated October 28, 1988, Norma Riley, Riley's widow, stated that her lawyer had failed to file a timely petition and brief, and that she wished to file a widow's claim. She submitted an autopsy report and death certificate for consideration. On January 31, 1989, the Board dismissed the appeal as abandoned. Norma Riley sought review with this Court.
 
 
 4
 Norma Riley sought review with this Court.
 
 
 5
 Although the October 1988 letter was untimely, it was received well before the Board's dismissal on January 31, 1989. We find that Riley's letter indicated that she did not intend to abandon the appeal, and that her failure to file timely a petition for review or provide an excuse for that omission was insufficient to deem the appeal abandoned. See Kephart v. Director, OWCP, 701 F.2d 22 (3d Cir.1983). Further, an appeal may not be dismissed for abandonment on the death of a party unless the record shows that there is no person who wishes to continue the action and whose rights may be prejudiced by dismissal. See 20 C.F.R. 802.402(b). Norma Riley clearly indicated that she intended to pursue the action.
 
 
 6
 We therefore vacate and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.